UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK RAYNARD ODOMES**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 09-3451**

**SHERIFF CRAIG WEBER, ET AL**                          **SECTION "N"(5)**

REPORT AND RECOMMENDATION

Plaintiff, Derrick Raynard Odomes, is currently incarcerated in the Lafourche Parish Detention Center. Using the standard form for inmate complaints lodged pursuant to 42 U.S.C. § 1983, plaintiff has filed this pro se and in forma pauperis civil rights action against Sheriff Craig Weber and Correctional Officers Joseph Bourgeois, Anthony Stelly, Mark Williams, and Jay Watkins.

Plaintiff complains that he was having problems with a few of the inmates on cellblock D, explaining that on February 27, 2009, some inmates had thrown urine or some type of liquid substance on him. As a result, he feared for his safety and, on February 28, 2009, he asked the Shift Supervisor, Joseph Bourgeois, to be transferred off of cellblock D. However, Bourgeois responded that plaintiff had to return to his cell for lockdown and that Bourgeois would inform the next shift supervisor of plaintiff's safety

concerns.  Plaintiff, however, refused to return to his cell.

Upon encountering plaintiff's resistance, "backup" was called for and Officers Mark Williams and Jay Watkins, along with K-9 Officer Anthony Stelly, arrived on cellblock D.  Williams proceeded to grab plaintiff's right arm, with Watkins grabbing his left arm, in an effort to forcibly escort plaintiff to his cell.  Plaintiff further resisted by dropping to the floor and clinging to the bars of another cell door.  When plaintiff refused to comply with the officers' orders to stop resisting, K-9 Officer Anthony Stelly is alleged to have kicked plaintiff's right hand and his head.  When this action did not cause plaintiff to let go of the cell door, Odomes contends that Stelly commanded his dog to attack and the dog bit plaintiff on the left shoulder.

Upon receiving the dog bite, plaintiff stood up and started to walk to his cell.  At this point, medical personnel were called to the scene and plaintiff was transported to Thibodaux General Hospital to receive treatment for his bite wound.  When he was returned to the prison, plaintiff was again placed in cellblock D.  Because plaintiff still feared for his safety, he stated that he wanted to kill himself so that he would be placed on a suicide watch.

Plaintiff complains that the above-described actions constituted "cruel and unnecessary" treatment, in violation of his

civil rights. As a result, plaintiff seeks an unspecified amount of damages.

An <u>in</u> <u>forma</u> <u>pauperis</u> complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. <u>See</u> <u>Cay v. Estelle</u>, 789 F.2d 318 (5th Cir. 1986), <u>modified on other grounds</u>, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); <u>see</u> <u>also</u> <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); <u>Booker</u>, 2 F.3d at 116. Under the broadest reading of his complaint,[1] plaintiff's

---

[1] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir.

3

allegations against defendant, Sheriff Craig Webre, lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

It is well-established that a supervisory official cannot be held liable pursuant to §1983 under any theory of <u>respondeat superior</u> simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. <u>See</u> <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999); <u>see also</u> <u>Baskin v. Parker</u>, 602 F.2d 1205, 1208 (5th Cir. 1979). A state actor may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." <u>Douthit v. Jones</u>, 641 F. 2d 345, 346 (5th Cir. 1981); <u>see also</u> <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F. 2d 120 (5th Cir. 1980). In this case, plaintiff makes no allegation that Sheriff Weber was personally involved in or had any knowledge of the circumstances surrounding plaintiff's refusal, on February 28, 2009, to return to cellblock D and the actions that were taken in an attempt to force plaintiff to return to his cell.

Accordingly;

---

1994).

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's claims against defendant, Sheriff Craig Weber, be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (<u>en banc</u>).

New Orleans, Louisiana, this 13th day of July, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE