UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK RAYNARD ODOMES**                     **CIVIL ACTION**

**VERSUS**                                     **NO. 09-3451**

**SHERIFF CRAIG WEBER, ET AL**                 **SECTION "N"(5)**

## REPORT AND RECOMMENDATION

Plaintiff, Derrick Raynard Odomes, is currently incarcerated in the Lafourche Parish Detention Center. Using the standard form for inmate complaints lodged pursuant to 42 U.S.C. §1983, Odomes filed the instant pro se and in forma pauperis civil rights action, naming as defendants Sheriff Craig Weber and Sheriff Deputies Joseph Bourgeois, Anthony Stelly, Mark Williams, and Jay Watkins.[1]

Odomes claims that excessive force was used against him on February 28, 2009, when officers allegedly ordered a canine to attack him on the residential tier where he was housed.

Odomes was arrested on September 17, 2007. On February 28, 2009, he requested a dormitory change due to his belief that his life was in danger. According to Odomes, an incident occurred on

---

[1] Since the filing of this action, Sheriff Craig Weber has been dismissed as a party defendant. (Rec. doc. 10).

his residential tier where one or more inmates were attempting to get contraband from another dormitory. Certain inmates, specifically, Rendell Thomas and Christopher Johnson, came to believe that Odomes had informed Sheriff's personnel that they were involved in the incident. Odomes contends that these inmates threatened to kill him because they believed he was a "snitch".

Odomes advised Deputies Joseph Bourgeois and Mark Williams that he was being threatened, that these inmates had thrown urine on him, and that he wanted an immediate transfer off of the tier. Prior to that time, Odomes had not experienced trouble with these inmates.

Deputies gave Odomes verbal orders to go back to his cell. Odomes refused. When Deputies Williams and Watkins were attempting to escort Odomes back to his cell, he dropped to the floor and grabbed the bars of another cell, refusing to go back to his cell. At that point, Deputy Stelly ordered a dog, a German Shepherd, to attack Odomes. The dog bit and scratched Odomes on the shoulder. Thereafter, Odomes returned to his cell.

Following the above incident, Odomes was transported to Thibodaux General Hospital to receive treatment for his bite wound. The pertinent medical records from Thibodaux General Hospital, attached hereto, reflect that Odomes, upon his arrival at the hospital, was not in acute distress. His ability to feel sensation

was intact, his motor skills were intact, his tendon function was normal, and there had been "no vascular compromise". An examination of his shoulder revealed mild scratches and two punctures. The affected area was washed, a tetanus shot was administered, and Odomes was prescribed Ultram for pain and an antibiotic, Augmentin, to prevent infection. No follow-up visit was scheduled and Odomes was released with instructions to keep the wound site clean with soap and water.

When Odomes returned from the hospital, he declared himself to be suicidal and was placed on suicide watch. Thereafter, Odomes was placed in protective custody from March 3, 2009 until sometime in September, 2009. Odomes admits that no harm ever came to him from either of the two inmates mentioned or from any other inmate.

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116. Under the broadest reading of his complaint,[2] plaintiff's excessive force allegations against the remaining defendants, Deputies Bourgeois, Stelly, Williams and Watkins, lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

Odomes is presently, and was on the date of this incident, a pretrial detainee.[3] Thus, his claim that officers used excessive force against him is properly characterized as asserting a violation of his substantive due process rights under the Fourteenth Amendment. Petta v. Rivera, 143 F.3d 895, 911 (5th Cir.

---

[2]The court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3]The court ascertained plaintiff's status as a pre-trial detainee via a telephone conference with an official from the Lafourche Parish Detention Center where Odomes was detained at the time of this incident and where he is presently detained.

1998) ("[W]here a plaintiff's excessive force claim, whether he be a prisoner, arrestee, detainee, or an innocent bystander of tender years, falls outside the specific protections of the Bill of Rights, that plaintiff may still seek redress under the due process clause of the Fourteenth Amendment.") (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)); accord Gutierrez v. City of San Antonio, 139 F.3d 441, 452 (5th Cir. 1998).

Under the Fourteenth Amendment standard, the court must ask whether defendants' "actions caused [plaintiff] any injury, were grossly disproportionate to the need for action under the circumstances and were inspired by malice rather than merely careless or unwise excess of zeal so that [they] amounted to an abuse of official power that shocks the conscience." Petta, 143 F.3d at 902 (citation omitted). The "'extent of injury is one factor' to be considered [along] with 'the need for application of force, the relationship between that need and the amount of force used' and other factors, . . . [but] the extent of injury is only one relevant factor and cannot be exclusively determinative under the . . . substantive due process approach." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

To the extent the Eighth Amendment standard applies, the appropriate inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and

5

sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 6; accord Petta, 143 F.3d at 901; Flowers v. Phelps, 956 F.2d 488, 491 (5th Cir. 1992). Plaintiff need not show a significant injury to establish a constitutional violation; however, the extent of the injury may be considered in determining whether the force used was malicious, wanton or unnecessary. Hudson, 503 U.S. at 7; Flowers, 956 F.2d at 491. In addition, "[t]he Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (quoting Hudson, 503 U.S. at 9-10).

The law "require[s] a plaintiff asserting an excessive force claim to have suffered at least some form of injury, . . . we do not permit a cause of action for every contact between a citizen and a police officer. In just about every conceivable situation, some amount of force or contact would be too nominal to constitute a constitutional violation. When the force used is insufficient to satisfy the legal standard necessary for recovery, the amount of force is de minimis for constitutional purposes." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999) (quotation omitted). To determine whether injury caused by excessive force is more than de

6

minimis for constitutional purposes, the context in which the force was used and all the surrounding circumstances must be examined. <u>Id.</u>

Weighing the foregoing factors in this instance, plaintiff's claim of excessive force must fail. There is no dispute that a disturbance had arisen as Odomes was refusing to return to his cell, lying on the floor, clinging to the bars of another inmate's cell to prevent officers from escorting him back to his cell. His action in this regard created an obvious threat to order that required a response. Applying the factors from <u>Petta</u>, it is clear that the officers applied an amount of force that was necessary and reasonable for the purpose of ensuring plaintiff's compliance with their directive that he return to his cell and for restoring order on the prison tier. Odomes suffered only minor injuries, some scratches and two skin punctures on his shoulder as a result of this action. The officers did not take action that resulted in Odomes suffering significant injuries, and said action was taken in order to restore order to the prison tier. Plaintiff's claim does not show the magnitude or aberrant nature of excessive force necessary to meet the constitutional standard.

Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's claims against the

remaining defendants, Sheriff Deputies Joseph Bourgeois, Anthony Stelly, Mark Williams and Jay Watkins, be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. §636(b)(1)).[4]

New Orleans, Louisiana, this __2nd__ day of __August__, 2010.

                                               ALMA L. CHASEZ
                                      UNITED STATES MAGISTRATE JUDGE

---

[4]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

8